UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES T. MILLER,
                Plaintiff

v.                              Case No. 1:10-cv-665-HJW

OPW FUELING COMPONENTS, INC., and
RICHARDS INDUSTRIES, INC.,

                Defendants

## ORDER

This matter is before the Court upon the defendants' "Motion for Summary Judgment" (doc. no. 29), the plaintiff's untimely "Cross-Motion for Summary Judgment" (doc. no. 31), defendants' four-part "Motion to Strike"(doc. no. 34), and plaintiff's "Motion for Leave to File" his late motion for summary judgment (doc. no. 36). Having carefully considered the record, including the pleadings, the parties' briefs, and exhibits, the Court will <u>deny</u> all four motions for the following reasons:

Although the discovery period has ended and the deadline for dispositive motions has passed, both sides in this case are arguing matters that should have been clarified well before the summary judgment stage and are seeking procedural advantages from doing so.

For example, defendants ask the Court to strike plaintiff's argument pertaining to the misrepresentation claim in Count Two from plaintiff's combined memorandum (doc. no. 31 at 24-26). Defendants characterize the plaintiff's argument as "an expanded claim" and complain that the amended complaint allegedly did not give them "fair notice" of the plaintiff's theory. Defendants are essentially attempting to

1

assert a motion to dismiss pursuant to Rule 8.  See, e.g., Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006) (affirming conditional dismissal under Rule 8 for failure to provide sufficient information to give the defendants "fair notice" of the claim against them).  In Nafziger, the district court gave plaintiffs thirty (30) days to amend their complaint in order to provide the requisite fair notice.  Id. ("This was a benevolent exercise of the district court's discretion, not an abuse thereof.")

Defendants also move to strike certain information from plaintiff's Affidavit (doc. no. 30), specifically, paragraph 24 where plaintiff indicates: "On July 27, 2010, I saw Dr. Vuong, who diagnosed me as suffering for (sic) a more serious medical condition, and prescribed more powerful medications."  Although defendants complain that plaintiff did not disclose this information in his answer to Interrogatory No. 6, the defendants have already incorporated such information into their own proposed findings of fact (doc. no. 32-1, ¶ 41 indicating "On July 27, 2010, the day after he called in sick, Plaintiff was seen by Dr. Phuong H. Vuong").  Defendants even discussed Dr. Vuong's treatment of plaintiff and indicate that Dr. Vuong "recommended certain medications" (¶ 42),  but defendants nonetheless seek to strike the actual copies of Dr. Vuong's prescriptions.

On his part, plaintiff responded to the defendants' motion for summary judgment with a document that combines an untimely cross-motion for summary judgment, a supporting memorandum, and a memorandum in opposition to the

defendants' motion for summary judgment.[1]  In that combined document, plaintiff argues that the defendants ("OPW and Richards") falsely represented "the terms of his reinstatement" and "falsely represented that he was employed by Richards rather than OPW in order to deny him wages and benefits" (doc. no. 31 at 24). Plaintiff asserts that he has contended from the outset that "Richards was a foreign corporation not licensed to conduct business in Ohio, and that as a result, Miller was an employee of OPW and not Richards" (doc. no. 35 at 3).  He points out that OPW paid his wages, but that he was subject to Richards' less favorable leave policy.

In opposing the motion to strike, plaintiff points to alleged facts in his Amended Complaint in support of his contention that he sufficiently pleaded his theory of misrepresentation (doc. no. 35, citing Amended Complaint at ¶¶ 3, 11, 13, 22-26).  The record also reflects that plaintiff's "Requests for Admissions" (doc. no. 31-2 at Request Nos. 1-5, 24-28, 32) arguably refer to his theory of the misrepresentation claim, as does plaintiff's answer to Interrogatory 15 (doc. no. 34-1 at 6 indicating that plaintiff actually "returned to work at OPW Fueling Components, Inc., not Richards Industries").

The Court need not determine whether plaintiff is "expanding" the theory of his misrepresentation claim in Count Two or whether defendants simply missed an adequately-pleaded theory in the Amended Complaint. In fairness to the parties, and in the interests of justice, the Court will grant the plaintiff additional time to amend

---

[1]This practice is disfavored.  For clarity's sake, motions and briefs should be filed separately.

his complaint in order to ensure full and fair notice to the defendants regarding the basis for his misrepresentation claim. Leave to amend the complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15 ; see also, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp.2005) ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).").

Discovery will also be reopened for a limited period of time, which will enable the defendants to conduct any further discovery on the amended misrepresentation claim, and thus, avoid any alleged "unfair surprise." The parties are reminded of their ongoing obligation under the civil rules to supplement their discovery responses. Fed.R.Civ.P. 26, 37. Upon completion of discovery, the parties may file revised motions for summary judgment anew.

Accordingly, the respective "Motions for Summary Judgment" (doc. nos. 29, 31) are **DENIED, without prejudice**; plaintiff's "Motion for Leave to File" (doc. no. 36) and defendants' four-part "Motion to Strike"(doc. no. 34) are **DENIED as moot**; the parties are directed to file a joint proposed "Amended Scheduling Order" for the Court's approval within fourteen days of this Order.

IT IS SO ORDERED.

    s/Herman J. Weber  
Herman J. Weber, Senior Judge  
United States District Court