UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES T. MILLER,

        Plaintiff

v.                        Case No. 1:10-cv-665-HJW

OPW FUELING COMPONENTS, INC.,
and RICHARDS INDUSTRIES, INC.,

        Defendants

## ORDER

This matter is before the Court upon the defendants' "Motion to Strike" (doc. no. 51), which plaintiff opposes. Having considered the record, including the parties' briefs, exhibits, and applicable authority, the Court will grant the motion (insofar as the Court will disregard several paragraphs of plaintiff's affidavit) for the following reasons:

### I. Issue Presented

At issue is whether the Court should disregard two paragraphs in the plaintiff's post-deposition affidavit, which was submitted in support of plaintiff's motion for summary judgment. Defendants contend that several paragraphs in the affidavit are not based on personal knowledge, contain hearsay, and directly contradict the plaintiff's prior deposition testimony, and thus, should not be considered on summary judgment.

### II. Whether the Court Should "Strike" Part of Plaintiff's Affidavit

Initially, the Court observes that Fed. R. Civ. P. 12(f) governs motions to strike and authorizes the striking of "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. The rule does not authorize courts to strike

from the record affidavits or statements in a brief. See <u>Bovee v. Coopers & Lybrand</u>, 216 F.R.D. 596, 599 (S.D. Ohio 2003) (Sargus, J.) (quoting Wright & Miller, Fed. Prac. & Proc., § 1380) (Rule 12(f) "is neither an authorized nor a proper way . . . to strike affidavits"). The Court may, however, exclude from consideration an affidavit (or portion thereof) that is improper. <u>Id</u>. at 599-600. In other words, a court may disregard inadmissible evidence instead of "striking" it from the record. <u>Fox v. Mich. State Police Dept</u>., 173 Fed.Appx. 372, 375 (6th Cir. 2006) (explaining that the federal rules "do not require the district court to remove documents other than pleadings from the record in a case" and that the documents may appropriately be dealt with on grounds of admissibility); <u>Lombard v. MCI Telecomm. Co.</u>, 13 F.Supp.2d 621, 625 (N.D.Ohio 1998) (a court should disregard inadmissible evidence, not strike it from the record).

With this in mind, the Court will consider whether any portion of plaintiff's affidavit should be disregarded for purposes of summary judgment review. An affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4). Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56 and must be disregarded. <u>State Mut. Life Assur. Co. of America v. Deer Creek</u> Park, 612 F.2d 259, 264 (6th Cir. 1979) (citing <u>Daily Press, Inc. v. United Press International</u>, 412 F.2d 126 (6th Cir.) cert. denied, 396 U.S. 990 (1969)).

Defendants ask the Court to disregard paragraphs 8 and 9 of the plaintiff's affidavit, where he indicates:

> 8. In March 2010, the NLRB brokered a settlement of those charges, inter alia the striking employees would be offered their former positions with OPW Fueling Components, Inc., retroactive to June 1, 2009, with back pay and interest on that back pay. A true and accurate copy of said Settlement Agreement is attached hereto as Exhibit "B".
>
> 9. As explained to me by Anne Poppe, the NLRB Field Examiner with whom I dealt, the back pay I received was to fully compensate me for lost wages in that period. She calculated that amount to be $21,225.00, the wages I would have earned had I been employed by OPW Fueling Components, Inc. ($18.41 per hour x 40 hours x 44 weeks), less the unemployment I received in that same period ($265.00 per week x 42 weeks).

(doc. no. 30, Ex. G, Miller Affidavit, ¶¶ 8-9). Defendants urge that the Court should "refuse to consider the inadmissible paragraphs" in plaintiff's post-deposition affidavit (doc. no. 51 at 2).

In Paragraph 8, plaintiff indicates his understanding of the attached Settlement Agreement. Such document includes a list of striking employees for *recall*, but does not indicate that such employees would be offered their former positions at OPW. As to his personal knowledge, plaintiff testified at deposition that "I wasn't part of the settlement. I was just – after it was settled, I was called and told it was settled." (Miller Dep. at 19). An affiant must have personal knowledge of the information in his affidavit. See <u>Alpert v. United States</u>, 481 F.3d 404, 409 (6th Cir. 2007) (holding that the affiant's statement was merely based upon his "belief" and did not reflect the personal knowledge required by Rule 56(c)(4)). Moreover, plaintiff acknowledged at deposition that "I understood it to be just 'recalled' back before anybody else would be hired from the street, not the same, current position." (Miller Dep. at 13).

In Paragraph 9, plaintiff sets forth a formula for the calculation of back pay and states that NLRB Field Examiner Anne Poppe explained this formula to him. Defendants point out that this is hearsay under Fed.R.Evid. 801(c) ("Hearsay means a statement that . . . a party offers to prove the truth of the matter asserted in the statement"). Anne Poppe has not testified or produced an affidavit here. It is well-settled that inadmissible hearsay evidence contained in an affidavit may not be considered on summary judgment. <u>Alpert</u>, 481 F.3d at 409 ("[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded."); <u>Wiley v. United States</u>, 20 F.3d 222, 226 (6th Cir. 1994) (same). Plaintiff appears to concede this issue by suggesting that "even if the reiteration of that calculation relayed by Miller in his affidavit is deemed to be inadmissible as hearsay, that same calculation can be reconstructed from other admissible sources" (doc. no. 55 at 3).

Defendants point out that plaintiff testified at his deposition that he did <u>not</u> know the back pay formula:

> Q: And as part of that settlement, you weren't reimbursed for any of your---you or the company's contributions to medical, dental, vision, pension, vacation days, floating holidays, short-term disability or life insurance, were you?
>
> A. No, I don't believe so. I really don't know what the formula was they come up for back pay, but as far as I know--I don't believe so.

(Miller Dep. at 17). Thus, plaintiff's prior testimony directly contradicts his assertion in paragraph 9 of his affidavit. See <u>Penny v. U.P.S.</u>, 128 F.3d 408, 415 (6th Cir. 1997) ("a party cannot create a genuine issue of material fact by filing an

affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony"); Briggs v. Potter, 463 F.3d 507, 512-13 (6th Cir. 2006) (same). A party may not attempt to create a "sham" issue of fact by directly contradicting his prior testimony. Aerel S.R.L. v. PCC Airfoils, L.L.C., 448 F.3d 899, 907 (6th Cir. 2006).

Plaintiff has provided no persuasive justification for the contradiction. See, e.g., Aerel S.R.L., 448 F.3d at 907 (a party who was not questioned about an issue may supplement incomplete deposition testimony with a later-filed affidavit). In his brief, plaintiff merely indicates that he bases the calculation on information gleaned from unauthenticated NLRB documents obtained in response to his FOIA request after his deposition (doc. no. 55 at 1-2). Notably, those documents do not show any calculations. While plaintiff may properly indicate in his affidavit that he received a check reflecting a total of $21,225.00 in back wages in settlement, he admittedly lacked personal knowledge of how that sum was calculated.

Accordingly, the Court will DISREGARD paragraphs 8 and 9 of plaintiff's affidavit; the "Motion to Strike" (doc. no. 51) is terminated on the docket of this Court.

IT IS SO ORDERED.

            s/Herman J. Weber
            Herman J. Weber, Senior Judge
            United States District Court